In re DATERSON PUB. CO.

(Circuit Court of Appeals, Third Circuit. June 5, 1911.)

No. 50.

BANKRUPTCY (§ 140*)—CLAIMS AGAINST TRUSTEE—USE OF PROPERTY HELD UNDER CONDITIONAL SALE CONTRACTS.

Where machines in possession of a bankrupt under contracts of conditional sale, which required monthly payments from the bankrupt, called rental in the contracts, were reclaimed by the vendors after the bankruptcy, they cannot recover such contract rentals for the time the machines remained in possession of the trustee during the determination of their rights; but, if the trustee used the machines without their consent, the extent of their right is, on proof, to recover the reasonable value of such use.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

Petition for Revision of Order of the District Court of the United States for the Western District of Pennsylvania.

In the matter of the Daterson Publishing Company, bankrupt. On petition to revise order of District Court. Order affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Magnus Pflaum, for petitioners.

Clarence R. Bissel and McKee, Mitchell & Alter, for trustee.

Before GRAY and BUFFINGTON, Circuit Judges, and Mc-PHERSON, District Judge.

BUFFINGTON, Circuit Judge. In the course of the proceedings in bankruptcy in the court below in Re the Daterson Publishing Company, the Dexter Folder Company and the Whitlock Printing Press Manufacturing Company, the petitioners in this court for review, presented, the former a claim of $1,050, being for 7 months' alleged rental at $150 per month for a folder and feeder and the latter a claim of $875, being for 7 months' alleged rental at $125 per month for a printing press. These rentals were respectively based on rates of payment termed rentals in certain contracts of conditional sale under which the bankrupt held the machinery under bailment at the time of bankruptcy. The referee disallowed the claims, and on certificate the court below approved his action. To review the order of disallowance by the court, this proceeding in review is brought.

We have had the benefit of an able and forceful argument by counsel for the petitioners that a trustee in bankruptcy, accepting for the estate and in pursuance of the contract the articles in question, would be bound by the stipulations of the contract; but the difficulty is that the trustee never elected to take these articles as belonging to the estate, nor were the vendors willing he should. On the contrary, the vendors claimed, retained, and were decreed to have the title to the property in themselves. They contend, however, that while the question of their title was being determined by the court the machines remained in the possession of the trustee, and that for such period the estate should pay at the rental rate fixed by the contract. But this is a non sequitur. If during such period the trustee used the machines, he could have been prevented from doing so on complaint to the court; for its general order permitting him to continue the business for a limited period did not authorize him in doing so to use other people's property without their consent. Or, if he used it without formal permission of the owner, the court would no doubt, on a proper showing, have directed him to pay a proper sum for such use and occupation. But, whatever might have been the rights of the petitioners, no such relief was sought, nor have we before us proof of facts which would enable us to take any such action.

Reaching the conclusion, therefore, as we do, that the parties to these contracts did not, after bankruptcy, elect to continue them as sales, and there being no proof of the extent or value of the trustee's use of the machines during the interim of determining the question of petitioners' title, the petition for review must be denied, and the order of the court below disallowing their claims affirmed. Lest by silence we should appear to sanction these two petitioners joining in a single petition to review, we may say we have not raised or decided that question.